**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL S. VENTRELLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 24-cv-11452 |
| vs. | ) | |
| | ) | District Judge |
| VILLAGE OF BOLING BROOK, AND NICHOLAS CHRISTOPHER, ANOTHONY SALATA, CIARA HILL AND LADRIUS NOLAN, In their individual capacities, | ) | Matthew F. Kennelly |
| | ) | |
| Defendants. | ) | Jury Demanded |
| | ) | |

## SECOND AMENDED COMPLAINT AT LAW

NOW COMES Plaintiff MICHAEL S. VENTRELLO, by and through his attorney SHAY T. ALLEN of S.T. ALLEN LAW, P.C. and for his complaint against the CITY OF BOLING BROOK, a municipal corporation, and NICHOLAS CHRISTOPHER, SALATA NOLAN, CIARA HILL AND LADRIUS NOLAN (collectively "Defendants"), states the following:

## CAUSE OF ACTION

1. This an action for damages, brought pursuant to 42 U.S.C. §§ 1983 and 1986, the Fourth Amendment to the United States Constitution, and under the law of the state of Illinois, against the City of Boling Brook and Unknown Officers in their individual capacities (hereinafter "Defendant Officers").
2. On April 19, 2023, Defendant Officers unlawfully and without justification used excessive force by placing handcuffs too tight resulting in nerve damage to the Plaintiff's left hand.

3. Plaintiff alleges that these constitutional violations were committed because of the policies and customs of the City of Boling Brook, Illinois.
4. As a result of the misconduct of the defendants, Plaintiff suffered severe personal, physical, and emotional injuries.

## JURISDICTION AND VENUE

5. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. §§ 1983 and 1988; and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiff, accomplished by acts and/or omissions of the Defendants and committed under color of state law.
6. This Court has supplemental jurisdiction over Plaintiff's cause of action arising under the Illinois State law pursuant to 28 U.S.C. § 1367.
7. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

## PARTIES

8. The Plaintiff, Michael Ventrello, is a United States citizen and resident of the State of Illinois, County of Will and DuPage.
9. At all relevant times herein referenced, Defendant Officers were employed by the City of Boling Brook as sworn police officers. They are being sued in their individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and is the employer of all Defendants.

## BACKGROUND

10. Between 7:00 and 9:00 PM on April 19, 2023, Plaintiff drove to a gas station 4 miles away from his apartment. Unbeknownst to the plaintiff at that time, he had a suspended license.

11. When Plaintiff entered the gas station lot, a Boling Brook police vehicle was already in the parking lot. The plaintiff went inside of the gas station and purchased a pack of cigarettes.

12. The plaintiff left the gas station and headed to his apartment. Soon thereafter, a Boling Brook police vehicle was behind him and flashing his lights. Plaintiff pulled into his apartment complex for a safe area to park. A defendant officer in a Boling Brook police vehicle followed the plaintiff into the apartment complex.

13. Immediately upon the Plaintiff exiting his vehicle, the officer had his gun drawn and told the plaintiff "I'll shoot you motherfucker" and told him he was under arrest.

14. The plaintiff was not aware he was engaged in any criminal activity while at the gas station. Nor was the Plaintiff obstructing or threatening any of the Boling Brook Police Officers.

15. The officer informed him he was under arrest for driving on a suspended license and proceeded to handcuff the plaintiff and place him inside of the police vehicle. The plaintiff heard his left-hand crumble immediately. The plaintiff's hand was bleeding.

16. The plaintiff informed a Defendant Officer that his hand was going numb and asked if he could adjust the handcuffs. A Defendant Officer called the plaintiff a pussy and a bitch.

17. The plaintiff asked for a supervisor. Soon thereafter, a supervisor arrived on the scene. The supervisor informed the Defendant Officer to remove the plaintiff from the vehicle and to remove the handcuffs. The supervisor stated the plaintiff was not under arrest.

18. The plaintiff did not engage in any conduct that warranted any use of force, especially excessive force by members of the Boling Brook Police Department.

**THE AFTERMATH OF THE EXCESSIVE FORCE**

19. As a result of the excessive force by Defendant Officers, Plaintiff experienced pain and numbness to his left hand.
20. On April 21, 2023, the plaintiff sought medical treatment from Edward Hospital Emergency Department regarding his left hand.
21. Plaintiff had an EMG nerve conduction test completed on May 8, 2023, at DuPage Pain Management by Allen Kao, MD. The test showed evidence of a left radial sensory neuropathy.
22. The plaintiff was recommended to see a physical therapist by his physician due to the damage to his left hand. On April 26, 2023, the plaintiff began seeing a physical therapist to work to increase strength in his left hand. The plaintiff attended sessions twice a week until July of 2023.
23. The plaintiff still experiences numbness in his left hand as a result of the Defendant Officer's conduct.
24. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiff suffered the following injuries and damages:
    a. Violation of his constitutional rights under the Fourth Amendment to the United States Constitution;
    b. Loss of physical liberty;
    c. Physical injury and pain; and
    d. Mental and emotional trauma.

25. At all relevant times, all Defendant Officers were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Boling Brook, Illinois.

**COUNT I**

**42 U.S.C. § 1983 —Excessive Force, all in violation of the Fourth Amendment (Against Defendant Officers)**

26. Each paragraph of this Complaint is incorporated as if restated fully herein.
27. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure through excessive force, false arrest, or an unlawful stop.
28. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.
29. Defendant Officers' actions and use of force as described herein, were objectively unreasonable considering the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.
30. Defendant Officers' actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.
31. Defendant Officers' actions of placing tight handcuffs on the plaintiff's wrist and forcibly placing him in a Boling Brook Police squad car and not investigating the cause of the Plaintiff's complaints about pain and injuries constituted an unreasonable stop and seizure lacking in probable cause and thereby unreasonably restraining the Plaintiff of his freedoms.

32. As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiff suffered violations of his constitutional rights, personal and physical injuries, fear, emotional distress, and other injuries.

**COUNT II**

**Indemnification Pursuant to 745 ILCS 10/9-102**
**(Against the Village of Bolingbrook)**

33. Each paragraph of this Complaint is incorporated as if restated fully herein.

34. The misconduct of all Defendant Officers were committed in the scope of their employment with the Village of Bolingbrook.

35. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant Village of Bolingbrook is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants Officers.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demand the following relief, jointly and severally, against all the Defendants:

A. Compensatory damages with respect to all counts.

B. Punitive damages with respect to all Defendant Officers in their individual capacities.

C. Attorney's fees pursuant to 42 U.S.C. § 1988. Award Plaintiff's counsel reasonable attorney's fees and costs pursuant to 42 U.S.C. § 1988 and any other applicable provisions of law.

D. Such other and further relief as this Court may deem appropriate under the circumstances.

Respectfully submitted,

/s/ Shay T. Allen
Shay T. Allen

S.T. Allen Law, P.C.
314 N. Loomis, Ste. G2
Chicago, Illinois 60607
Phone: 708.960.0113
Atty No. 56088
email: sallen@attorneyshaytallen.com

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States as to all claims for damages.

Respectfully submitted,

/s/ Shay T. Allen

Shay T. Allen
314 N. Loomis, Suite G2
Chicago, IL 60607
Tel: 708.960.0113
Attorney No. 6285625
Email: sallen@attorneyshaytallen.com